# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) KENNA WILLIAMS,** **Individually and on behalf of all others similarly situated,** | **Case No. 22-cv-00390-GKF-CDL** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **(1) SAINT FRANCIS HEALTH SYSTEM, INC.,** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** |
| **Defendant.** | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Kenna Williams brings this action individually and on behalf of all current and former hourly employees, who were subject to an automatic meal break pay deduction (collectively "Plaintiff and the Putative Collective/Class Members"), and who worked for Defendant—Saint Francis Health System, Inc. ("Saint Francis" or "Defendant")—anywhere in the United States, at any time from September 7, 2019 through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid straight time wages pursuant to Oklahoma common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her Oklahoma state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of Oklahoma, and FED. R. CIV. P. 23, to recover unpaid straight time wages and other applicable penalties.

2.      Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Saint Francis at any time from September 7, 2019 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.      Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5.      During the relevant time period, Saint Francis knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6.      Specifically, Saint Francis's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff

and the Putative Collective/Class Members' daily time even though they regularly performed compensable work (and continue to perform) "off the clock" through their respective meal-period breaks.

7.      The effect of Saint Francis's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Saint Francis has failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA.

8.      Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Oklahoma state law.

9.      Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time compensation and other damages owed under Oklahoma common law as a class action pursuant to FED. R. CIV. P. 23.

10.     Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11.     Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Williams designated as the Class Representative of the Oklahoma Class.

## II.
## THE PARTIES

12.     Plaintiff Kenna Williams ("Williams") was employed by Saint Francis in Oklahoma during the relevant time period. Plaintiff Williams did not receive compensation for all hours worked

or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13.     The FLSA Collective Members are those current and former hourly employees who were employed by Saint Francis at any time from September 7, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Williams worked and was paid.

14.     The Oklahoma Class Members are those current and former hourly employees who were employed by Saint Francis in Oklahoma, at any time from September 7, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Williams worked and was paid.

15.     Defendant Saint Francis Health System, Inc. is a domestic not for profit corporation, licensed to and doing business in the State of Oklahoma, and may be served through its registered agent for service of process: **Michael J Lissau, 6161 S. Yale, Tulsa, Oklahoma 74136.**

### III.
### JURISDICTION & VENUE

16.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17.     This Court has supplemental jurisdiction over the additional Oklahoma state law claims pursuant to 28 U.S.C. § 1367.

18.     Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

19.     This Court has general jurisdiction over Saint Francis because Oklahoma qualifies as its home state.

---

[1] The written consent of Kenna Williams is attached hereto as Exhibit "A."

20.     Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21.     Additionally, Saint Francis's corporate headquarters are in Tulsa, Oklahoma, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

22.     Defendant Saint Francis operates several healthcare facilities providing healthcare services to its patients throughout the State of Oklahoma.[2]

23.     To provide its services, Saint Francis employed (and continues to employ) numerous hourly workers—including Plaintiff and the individuals that make up the putative or potential classes.

24.     Plaintiff and the Putative Collective/Class Members were employed by Saint Francis as non-exempt, patient facing care providers who had a meal break automatically deducted from their daily time.

25.     Plaintiff and the Putative Collective/Class Members job titles include (but are not limited to): Patient Account Representative, Phlebotomist, Medical Laboratory Technician, Certified Medical Assistant, Registered Nurse, Patient Care Technician, Certified Nurse Assistant, Patient Care Assistant, and Licensed Practical Nurse.

26.     Plaintiff and the Putative Collective/Class Members' job duties include assisting with treatments ordered by doctors, assisting medical professionals, interviewing patients, measuring vital signs, recording patient information, assessing patients, answering phones, checking on patients, and answering patient questions.

---

[2] https://www.saintfrancis.com/.

27.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout Saint Francis's facilities.

28.     Importantly, none of the FLSA exemptions relieving a covered employer (such as Saint Francis) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

29.     Plaintiff Williams was employed by Saint Francis in Muskogee, Oklahoma from approximately November of 2017 until May of 2021.

30.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies (and practices) of Saint Francis resulting in the complained of FLSA and Oklahoma state law violations.

31.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, in that they all perform patient-facing healthcare services on behalf of Saint Francis.

32.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis, and have at least a 30-minute meal break deducted automatically.

33.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Saint Francis resulting in the complained of FLSA and Oklahoma state law violations.

34.     Plaintiff and the Putative Collective/Class Members were typically scheduled to work between thirty-six (36) to forty (48) hours per week—these are referred to as "on-the-clock" hours.

35.     In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members worked between one- and one-half to two- and one-half hours "off-the-clock" per week and have not been compensated for that time.

36.     Saint Francis has a policy to automatically deduct at least one, and up to two, 30-minute meal periods from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

37.     Specifically, non-exempt employees, such as Plaintiff and the Putative Collective/Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each shift.

38.     Saint Francis automatically deducts one full hour for a meal period from Plaintiff and the Putative Collective/Class Members' hours worked if they work more than a twelve-hour shift.

39.     Despite automatically deducting up to an hour of time from Plaintiff and the Putative Collective/Class Members' daily time, Saint Francis does not completely relieve Plaintiff and the Putative Collective/Class Members from duty during their shift for the purposes of taking their meal break(s).

40.     Saint Francis's policies require Plaintiff and the Putative Collective/Class Members to assist patients whenever a patient requests or needs assistance, even if on an unpaid meal break.

41.     Plaintiff and the Putative Collective/Class Members are prohibited from ignoring patients in need of help pursuant to Saint Francis's policies.

42.     Plaintiff and the Putative Collective/Class Members are required to perform duties, whether active or inactive, during all hours of their shift.

43.     Due to these requirements, Plaintiff and the Putative Collective/Class Members are frequently unable to receive sufficient time to have an uninterrupted meal break due to their constant patient calls and duties.

44.     Saint Francis was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and Oklahoma state law.

45.     Saint Francis's systematic deduction of 30 minutes each day from Plaintiff and the Putative Collective/Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Oklahoma state law.

46.     Specifically, when Plaintiff and Putative Collective/Class Members worked three (3) twelve-hour shifts in a week and did not receive a meal break during any shift, Saint Francis's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for one and one-half hours of compensable straight time work.

47.     When Plaintiff and the Putative Collective/Class Members worked four (4) twelve-hour shifts in a week and did not receive a meal break during any shift, Saint Francis's deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for two hours of compensable overtime work.

48.     As a result of Saint Francis's failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and Oklahoma state law.

49.     Saint Francis knew or should have known that it was (and is) not compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

50.     Saint Francis knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

51.     Saint Francis knew or should have known that automatically deducting thirty minutes to one hour for a meal break, while it simultaneously caused and required Plaintiff and the Putative

Collective/Class Members to perform necessary during that meal break while "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

52.    Because Saint Francis did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Saint Francis's pay policies and practices willfully violated (and continue to violate) the FLSA.

53.    Because Saint Francis did not pay Plaintiff and the Putative Collective/Class Members for all straight time hours worked, Saint Francis's pay policies and practices violate Oklahoma state law.

54.    Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to Oklahoma state law.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

**A.    FLSA COVERAGE**

55.    The preceding paragraphs are incorporated as though fully set forth herein.

56.    The "FLSA Collective" is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR SAINT FRANCIS HEALTH SYSTEM, INC., AT ANY TIME FROM SEPTEMBER 7, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("FLSA Collective" or "FLSA Collective Members").**

57.    At all material times, Saint Francis has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

58.     At all material times, Saint Francis has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

59.     At all material times, Saint Francis has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

60.     Specifically, Saint Francis operates numerous health care facilities in Oklahoma, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

61.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Saint Francis, these individuals provided services for Saint Francis that involved interstate commerce for purposes of the FLSA.

62.     In performing work for Saint Francis, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63.     Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Saint Francis's customers and employees throughout the United States. 29 U.S.C. § 203(j).

64.     At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

65.     The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 56.

66.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Saint Francis.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

67.     Saint Francis violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

68.     Moreover, Saint Francis knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

69.     Saint Francis knew or should have known their pay practices were in violation of the FLSA.

70.     Saint Francis is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

71.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Saint Francis to pay them according to the law.

72.     The decision and practice by Saint Francis to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

73.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

74.     All previous paragraphs are incorporated as though fully set forth herein.

75.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of SFHS's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

76.     Other similarly situated employees of Saint Francis have been victimized by SFHS's patterns, practices, and policies, which are in willful violation of the FLSA.

77.     The FLSA Collective Members are defined in Paragraph 56.

78.     Saint Francis's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Saint Francis's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

79.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

80.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

81.      All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

82.      Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

83.      Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Saint Francis will retain the proceeds of their violations.

84.      Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

85.      Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 56.

<u>**COUNT TWO**</u>
**(Class Action Alleging Violations of the Oklahoma Common Law)**

**A.      VIOLATIONS OF OKLAHOMA COMMON LAW**

86.      The preceding paragraphs are incorporated as though fully set forth herein.

87.      Plaintiff Williams further brings this action pursuant to the equitable theory of *quantum meruit*.

88.      The "Oklahoma Class" is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR SAINT FRANCIS HEALTH SYSTEM, INC., AT ANY TIME FROM SEPTEMBER 7, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO AN AUTOMATIC MEAL BREAK PAY DEDUCTION ("Oklahoma Class" or "Oklahoma Class Members").**

89.      The Oklahoma Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Saint Francis.

90.     These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA and are therefore not preempted by the FLSA. *See* Valverde v. Xclusive Staffing, Inc., No. 16-CV-00671-RM-MJW, 2017 WL 3866769, at *9 (D. Colo. Sept. 5, 2017).

91.     The Oklahoma Class Members provided valuable services to Saint Francis by providing it with labor.

92.     The Oklahoma Class Members' valuable services benefitted Saint Francis as it was better able to care for its customers and profit from the Oklahoma Class Members' labor.

93.     Saint Francis knew the Oklahoma Class Members expected to be paid their regular hourly rate for each and every hour that they worked on behalf of Saint Francis.

94.     Indeed, Saint Francis agreed as a term of their employment relationship with the Oklahoma Class Members to pay them for each hour that they worked for Saint Francis.

95.     Under these circumstances it would be unjust for Saint Francis to retain the benefit of the Oklahoma Class Members' labor without compensating them for it.

96.     Accordingly, the Oklahoma Class should be certified as defined in Paragraph 88.

## C.     OKLAHOMA CLASS ALLEGATIONS

97.     Plaintiff Williams brings her Oklahoma common law claim as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Saint Francis to work in Oklahoma since September 7, 2019.

98.     Class action treatment of Plaintiff Williams and the Oklahoma Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

99.     The number of Oklahoma Class Members is so numerous that joinder of all class members is impracticable.

100.    Plaintiff Williams' Oklahoma state-law claim shares common questions of law and fact with the claims of the Oklahoma Class Members.

101.     Plaintiff Williams is a member of the Oklahoma Class, her claims are typical of the claims of other Oklahoma Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Oklahoma Class Members.

102.     Plaintiff Williams and her counsel will fairly and adequately represent the Oklahoma Class Members and their interests.

103.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

104.     Accordingly, the Oklahoma Class should be certified as defined in Paragraph 88.

## VI.
## RELIEF SOUGHT

105.     Plaintiff Williams respectfully prays for judgment against Saint Francis as follows:

a.       For an Order certifying the FLSA Collective as defined in ¶ 56;

b.       For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.       For an Order pursuant to § 16(b) of the FLSA finding SFHS liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.       For an Order certifying the Oklahoma Class as defined in ¶ 88, and designating Plaintiff Williams as Representative of the Oklahoma Class;

e.       For an Order pursuant to the Oklahoma state law awarding Plaintiff Williams and the Oklahoma Class Members damages for unpaid wages and all other damages allowed by law;

f.        For an Order awarding the costs of this action;

g.        For an Order awarding attorneys' fees;

h.        For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.        For an Order awarding Plaintiff Williams a service award as permitted by law;

j.        For an Order compelling the accounting of the books and records of Saint Francis, at Saint Francis's expense, should discovery prove inadequate; and

k.        For an Order granting such other and further relief as may be necessary and appropriate.

Date:   September 7, 2022

Respectfully submitted,

**SHERWOOD, MCCORMICK & ROBERT**

By:   /s/ *Hugh M. Robert*
        **Hugh M. Robert**
        Oklahoma Bar No. 22441
        hugh@smr-law.com
        Bank of America Center
        15 W. 6th Street, Suite 2112
        Tulsa, Oklahoma 74119
        Telephone: (918) 592-1144
        Facsimile: (918) 576-6907
        ***Counsel for Plaintiff and Putative Collective/Class Members***