IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNA WILLIAMS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAINT FRANCIS HEALTH SYSTEM, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 22-CV-390-EFM-MTS<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Leave to File Amended Complaint and Brief in Support (Docket No. 138). The motion was referred to the undersigned Magistrate Judge by Chief United States District Judge Eric F. Melgren for the United States District Court of Kansas. (Docket No. 139). For the reasons discussed herein, Plaintiffs' Motion for Leave to File Amended Complaint is **DENIED.**

On September 7, 2022, Plaintiff Kenna Williams filed this action, individually and on behalf of all current and former hourly employees of Defendant Saint Francis Health System, Inc., alleging claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, in addition to asserting a class action claim under Federal Rule of Civil Procedure 23 and Oklahoma law. (Docket No. 2 at 3). Specifically, Plaintiff alleges Defendant failed to fully compensate her and the putative collective/class members for all hours worked and for all overtime compensation. *Id.* Plaintiff's claims revolve around Defendant's meal break pay deduction policy which automatically deducts thirty to sixty minutes from each hourly employee's shift and corresponding wages, regardless of whether the meal break was taken. *Id.*

On January 13, 2022, the district court entered a scheduling order setting the original deadline to amend the pleadings as February 13, 2023. (Docket No. 26). On April 4, 2023, Judge Melgren issued a Memorandum and Order conditionally certifying the following class of individuals: "All hourly employees with patient care responsibilities who worked for Saint Francis Health System, Inc. at any time from September 7, 2019, through the final disposition of this matter, and were subject to an automatic meal break pay deduction." (Docket No. 35 at 16). Pursuant to said order, Plaintiff issued notice to members of the putative class/collective, with the opt-in period for potential class members closing on August 13, 2023. (Docket Nos. 35, 132).

On June 14, 2023, in response to a Joint Motion to Strike Scheduling Order, the district court issued an order granting the parties' request and directing them to submit a proposed amended scheduling order by August 25, 2023. (Docket Nos. 68, 70). On August 28, 2023, the district court adopted the parties' proposed scheduling order in which the parties agreed that the period to amend the pleadings would remain closed. (Docket No. 132-1, 133). However, Plaintiffs filed the instant opposed motion on November 13, 2023, requesting the Court grant them leave to amend their original complaint in order to add a rounding claim. (Docket No. 138). On November 28, 2023, Defendant filed its response opposing Plaintiffs' motion and Plaintiffs filed their reply on December 5, 2023. (Docket Nos. 144, 148). Having been fully briefed, the Court held a hearing regarding Plaintiffs' motion on December 15, 2023, at which both parties' counsel was present. (Docket Nos. 149, 150).

According to the motion, Plaintiffs' counsel discovered the presence of a rounding violation after the opt-in period closed. (Docket No. 138 at 2–3). Plaintiffs then informed Defendant of their intent to seek amendment on September 12, 2023, and subsequently provided it with a copy of the proposed amended complaint on September 21, 2023. *Id*. at 3. Before

2

informing Plaintiffs of its position regarding the proposed amendment, Defendant sent initial discovery to Plaintiffs on October 13, 2023. *Id.* In its response, Defendant summarizes the case docket, which shows that approximately thirteen opt-in Plaintiffs consented to join the lawsuit within two months of its initial filing. (Docket No. 144 at 2–4). Defendant argues that Plaintiffs' counsel knew or should have known of the rounding claim prior to the February 13, 2023, scheduling order deadline, and certainly by the time Plaintiffs' counsel agreed that the deadline to amend the pleadings would remain closed in the amended scheduling order, which was entered on August 28, 2023. (Docket No. 144 at 7–8).

When questioned by the undersigned at the hearing about when he first learned of a possible rounding claim, Plaintiffs' counsel stated he was aware of a possible claim prior to the filing of the original complaint in September of 2022. He explained he was not confident in the legitimacy of the claim—whether it constituted a wide-spread corporate policy by Defendant—until after the opt-in period closed and he had the opportunity to speak with additional opt-in Plaintiffs. According to Plaintiffs' counsel, this occurred between August 28, 2023, and September 12, 2023, when he first contacted Defendant's counsel regarding the amendment. He further clarified that he waited to file the motion, hoping to reach an agreement with Defendant. He learned Defendant opposed the amendment when he contacted Defendant's counsel regarding the filing of the motion for leave. He then immediately filed the motion on November 13, 2023.

As noted herein, it is undisputed that Plaintiffs' scheduling order deadline for amending the pleadings expired in February of 2023—well before Plaintiffs requested leave to amend. Thus, because Plaintiffs are seeking leave to amend the pleadings after the expiration of a scheduling order deadline, they must establish "good cause" for modifying the scheduling order under Federal Rule of Civil Procedure 16(b)(4), in addition to satisfying the standard under Federal Rule of Civil

Procedure 15(a). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard.") (citation omitted). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 15(a)(2) provides that after the deadline for amending as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, if the court determines Rule 16's "good cause" requirement is not met, the court may forego the Rule 15(a) analysis. *See Gorsuch*, 771 F.3d at 1242 ("Having concluded Gorsuch Cooper and Aspen lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (finding "no need to consider whether Appellants satisfied Rule 15" when they could not "establish 'good cause' under Rule 16").

To satisfy the "good cause" standard of Rule 16(b)(4), the movant must show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240 (citation omitted). The "good cause" requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." *Id*. However, if a plaintiff "'knew of the underlying conduct but simply failed to raise [the] claims,' they cannot establish 'good cause' under Rule 16." *Birch*, 812 F.3d at 1248–49, quoting *Gorsuch*, 771 F.3d at 1240. Thus, the "good cause" requirement "obligates the moving party to provide an adequate explanation for any delay." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019), quoting *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018)); *see also*

4

*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (finding that the Tenth Circuit "focuses primarily on the reasons for the delay" and "that the denial of leave to amend is appropriate" when there is "no adequate explanation for the delay") (quotation omitted); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("[C]ourts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

Here, the undersigned finds Plaintiffs failed to provide an adequate explanation for the delay. First, contrary to their assertion that "counsel was not aware of grounds for a rounding claim" at the time the original complaint was filed (Docket No. 138 at 3), Plaintiffs' counsel explained at the hearing he was aware of a possible rounding claim on behalf of Plaintiff Williams prior to the filing of the original complaint on September 7, 2022. Second, despite knowledge of a possible claim, Plaintiffs failed to seek an extension of the original deadline of February 13, 2023, to amend the pleadings. Third, counsel agreed to an amended scheduling order which included that the proposed deadline for amendments to the pleadings would remain closed.[1] Fourth, Plaintiffs' counsel did not diligently pursue a claim he knew existed for Plaintiff Williams

---

[1] Although clearly borne out by the case filings (*see* Docket Nos. 70, 132, 133), Plaintiffs did not mention in their motion that the scheduling order entered by Judge Melgren on August 28, 2023, was agreed upon by the parties. (*See* Docket No. 138 at 2) ("On August 28, 2023, the Court entered the current Scheduling Order, which simply noted that the prior deadline for amendment of the pleadings had 'Closed.'").

with the opt-in Plaintiffs as they consented to join the lawsuit.[2] Lastly, Plaintiffs' counsel waited over a year—from September 7, 2022, the date he filed the complaint, to November 13, 2023—to file the motion for leave.

Because Plaintiffs have failed to adequately explain the delay in filing the motion, the undersigned finds that Plaintiffs have not shown "good cause" to modify the scheduling order under Rule 16(b)(4). Thus, there is no need to consider whether Plaintiffs meet the standard under Rule 15(a)(2). *See Gorsuch*, 771 F.3d at 1242.

Accordingly, the Court hereby **DENIES** Plaintiffs' Motion for Leave to File Amended Complaint and Brief in Support (Docket No. 138).

IT IS SO ORDERED this 26th day of December, 2023.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2] The case docket shows that in addition to opt-in Plaintiffs who had already consented to join the suit early on (Docket Nos. 7, 13, 18, 19), numerous other opt-in Plaintiffs consented to join the suit between May 15, 2023, the date the notice was issued to the putative collective/class members, and August 13, 2023, the date the opt-in period closed. (Docket Nos. 40–55, 57–58, 60–62, 64–65, 69, 72–74, 76, 78, 80, 83–84, 86–88, 90–94, 98–100, 103, 105, 107, 109–10, 112, 115–16, 118, 121–22, 124–26, 128, 130, 132).